IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARCHIE HOLLAND-EL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WDQ-12-972 |
| GARY D. MAYNARD, | * | |
| SIPES, | | |
| KARLA M. HILL-PEAY, | * | |
| RODERICK R. SOWERS, | | |
| J. PHILP MORGAN, | * | |
| FRANK B. BISHOP, JR., | | |
| MICHAEL P. THOMAS, | * | |
| M. WHITESIDE, | | |
| RODNEY LIKIN, | * | |
| R. BLAMBLE, | | |
| JEFFREY YOMMER, and | * | |
| GOVERNOR MARTIN O'MALLEY | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-captioned Complaint was filed on March 29, 2012. The accompanying Motion to Proceed in Forma Pauperis shall be granted.

The sole claim raised in the Complaint is that the Plaintiff's name was not correctly written on a Notice of Infraction in violation of Code of Maryland Regulations (COMAR) requiring the placement of the inmate's official name on an official document. ECF No. 1 at p. 3. The fact that a Division of Correction rule governing adjustment hearings was violated does not necessarily mean a Plaintiff's constitutional rights were violated. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be

measured against a federal standard of what process is due."). Improper spelling of Plaintiff's name on a Notice of Infraction is not a rule violation that even suggests a constitutional impropriety.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Complaint shall be dismissed for failure to state a claim on which relief may be granted. Plaintiff is forewarned that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

4/4/12
Date

William D. Quarles, Jr.
United States District Judge